which is Davis v. Fenton. Mr. Lataszynski? Good morning. May it please the Court. This case is before this panel on two distinct issues. The first issue is whether or not the District Court relinquished jurisdiction prior to entering the judgment on July 22, 2015. And the record is clear that the Court did relinquish jurisdiction. The second is, did the plaintiff adequately plead retaliation claims under section 3617 of the Fair Housing Act? And the plaintiff did not. With regard to the jurisdictional issue, everything that flows from July 22, 2015 is a nullity in this case. The Court didn't have jurisdiction for multiple reasons. One, the Court entered a dismissal order on February 13, 2014 dismissing the case. It didn't stay the case in that order. It didn't set a date certain for coming back. It dismissed the case. Why does any of that matter? Pardon me? Why does any of that matter? A motion to enforce or vacate an arbitration award stands on a different jurisdictional footing than a motion to compel arbitration. That's correct. It's a separate cause of action that should have been filed. Right. And the jurisdictional analysis is different. That is correct, but that's not what occurred here. I understand that, but it's not a question of whether the district court relinquished jurisdiction. It's a question of what is the jurisdictional foundation from a standpoint of subject matter jurisdiction for the motion to enforce. Kevin. And we've got a long line of cases that says that there needs to be an independent basis of federal subject matter jurisdiction. That is correct, and there was not. Right. But that's not how the briefing has gone on the jurisdictional question here. The briefing has gone on jurisdictional related to subject matter, but also that the arbitration that took place dismissed all the federal claims. And so there's nothing to come back to federal court to enforce in jurisdiction, either by a petition to confirm the award. And that doesn't even matter under our cases. What's important is whether there's an independent basis for the motion to enforce or a motion to vacate if the shoe had been on the other foot. And there needs to be either diversity jurisdiction for that or federal question jurisdiction. That's correct, and there was neither. Right. Are you familiar with the Magruder and Minor line of cases? I am. Okay. I mean, these weren't briefed so far as I could tell. They weren't briefed because the way the case and a procedural posture came was the plaintiff filed the petition to enforce the arbitration award and then a series of motions to vacate and a petition to reconsider took place, and this was not raised. Jurisdiction was raised, but it was the issue of subject matter jurisdiction, and the court no longer had jurisdiction over the parties at this time by virtue of the dismissal order. Right, but this, it seems to me, is squarely governed by Magruder and Minor, the jurisdictional question here, because there is no independent basis for the court's subject matter jurisdiction to either enforce or vacate the arbitration award. There's no diversity. That's correct. And this is just a contract issue now. Give me the benefit of my contractually, my contractual right to the result of this arbitration. That's correct. That's just a contractual matter. And what Mr. Fenton did was file a petition in state court to vacate the arbitration award, and it was kindly filed. Right, that's where the case belonged. Right. Right, so it seems to me it's squarely governed by Magruder and Minor, and the discussion about whether the court relinquished jurisdiction by the dismissal order is sort of beside the point. I think it is part of the history of the case. Right. And what the plaintiff attempted to do here was create a new claim to create subject matter jurisdiction by claiming that she was reinstating a Section 3617 claim under the Fair Housing Act. Right, that's just bootstrapping. Right. So that's what we were forced to address before Judge Castillo. Right, but maybe if somebody had cited Magruder and Minor to the district court, he would have grasped that he didn't have jurisdiction. From the pleadings down below, it is clear that the judgment was entered, and any attempt to vacate the judgment on jurisdiction alone was going nowhere. Maybe because the right line of cases wasn't cited. That's a possibility. That does not account for the trial level. So what we have here is remaining state law claims that are adequately being remedied in state court. The petition to reinstate or the motion to reinstate, the plaintiff even acknowledges that there is a state court filing under the Illinois Uniform Arbitration Act and that Mr. Fenton and his law firm were seeking to vacate that award. With regard to the 3617 claim, the plaintiff could not plead the third or fourth elements of retaliation, even if the court had jurisdiction. What the plaintiff needed to do, first of all, was to file a new cause of action, because this was never part of the original case. The plaintiff did not do that. The plaintiff did not plead that there was a threat of coercion or intimidation by the defendants in relation to Ms. Davis. And more importantly, there is no allegation at all that the defendants were motivated by an intent to discriminate against Ms. Davis. The plaintiff relies a lot on the issue in the cases that the plaintiff cites. Our Sixth Circuit case is trying to equate this case as a denial of access to attorneys by prisoners. These cases are not similar at all. In this case, the plaintiff was able to get representation immediately. The plaintiff spends a lot of time on a discussion about the injunction entered in a separate state court action, which is undisputed that the state court was advised that there was a notice to remove the case, but the state court proceeded and entered the injunction. It's in the order. It was clearly there. Mr. Fenton and his law firm told the judge. The state court judge decided to proceed. Under Rooker v. Feldman, it's not the position of this court to take a second look at that order. It's really a decision that there was an injunction entered, nothing ever took place on the injunction, and the case moved forward. For those reasons, the judgment needs to be vacated because there was no jurisdiction at all in order to enter a judgment against Mr. Fenton and his law firm. Thank you. Okay. Thank you, Mr. Leszczynski. Mr. Newman? May it please the Court, Mr. Leszczynski. First off, the district court did not relinquish jurisdiction. It doesn't matter. A motion to enforce an arbitration award needs an independent basis of federal jurisdiction. Yes. Let me get to that. But, I mean, it's also, I think, important to note that the court did not relinquish jurisdiction. That doesn't matter. All right. If that's your position, I accept that. The court did have an independent basis of jurisdiction. Nevertheless, the 3617 retaliation claim was in the case. That's bootstrapping. There was a request to file amended complaint that was tacked on to the motion to enforce the arbitration award. You can't create federal jurisdiction in that way. If there isn't federal jurisdiction of the request to enforce on its face, then there's no subject matter jurisdiction and the motion needs to be dismissed. Your Honor, the 3617 claim was in the case. The arbitrator didn't decide it. It survived the arbitration. It was still there. The court had supplemental jurisdiction under 28 U.S.C. 1367 to entertain that. It was clear from the administrative dismissal of the case, which was without prejudice, that the district court contemplated tidying up with whatever was left over after arbitration, including the retaliation claim. Furthermore, the whole jurisdictional claim of Mr. Fenton was conceded by the district court when Judge Castillo said at page 24 of the appendix, I think the only place to appeal the arbitration would have been in front of me, so right off the bat I don't see why you're occupying the time. That was wrong, and the judge had not been alerted to the Magruder and Minor line of cases, which hold that there must be an independent basis for federal jurisdiction, either diversity or federal question, in a motion to enforce. And even if those cases hold that even if the arbitration concerned a federal claim, that does not create federal jurisdiction. It's just a contract matter. The parties bargained for arbitration, they got arbitration, and it's different from a motion to compel arbitration. Section 4 of the Federal Arbitration Act contains different language than sections 9 and 10. Judge Sykes, I respectfully disagree. The case began with solid jurisdictional basis. Are you familiar with this line of cases? Yes, Your Honor, I am. Okay. And what do you understand they're holding to be? That there has to be an independent basis for jurisdiction for the federal court to proceed. Okay. And what was that independent basis? Is there any diversity here? There is no diversity. There is federal question jurisdiction because of the retaliation claim that was in the case from the beginning and would never disappear. It was always there. Even if that case was in from the beginning, which I think is not true as a matter of descriptive fact, it came later and it was submitted to the arbitrator, and there is a question about whether the arbitrator did or didn't decide it. But even assuming that it was in the case before the arbitrator, that doesn't create federal jurisdiction to enforce the award. I respectfully disagree. I mean, that's what those cases hold. Of course, I know what they hold. And I think, you know, you and I just disagree as to whether or not the retaliation claim was viable, was pending, and never resolved. Even if it was, that doesn't create federal subject matter jurisdiction. The whole matter was sent to arbitration. And, you know, once there, the arbitrator rules, and then all you've got left is a contract case, and that goes to state court for enforcement. Your Honor, if the court. Unless there's diversity. If there's diversity, you can come back to federal court and get a fight going about whether to enforce or vacate. I think you're assuming that there was a gap in the jurisdiction of the court and that the administrative dismissal was, in fact, a break in the action. No, I'm assuming that there's a difference between Section 4 of the Federal Arbitration Act and Section 9 and 10. That's what this line of cases holds. All right. Which everybody seems to have missed, the lawyers and the district court. Well, wouldn't you agree with me. It's not the judge's fault. He wasn't alerted to this. Judge Sykes, wouldn't you agree with me that if the. I'm asking the question, so maybe you want to rephrase your statement. I'm making a statement in the form of a question. I'm not asking you a question, of course. But it seems to me that your position is based on the fact that you're assuming that the administrative dismissal was, in fact, a complete break in the jurisdiction of the court. I'm telling you it doesn't matter. Okay. All right. Well, I can't. I think we disagree. That's true. I would like to make a comment about the claim that there was no allegation of motive with respect to the retaliation claim. What was pled, of course, was that the complaint stated that the state court injunction was done to deprive Miss Davis of the attorneys of her choice in vindicating the fair housing rights and intimidate her from pursuing same and punishing her for demanding same. Done to deprive, I think, suggests purpose. I think purpose and motive are basically indistinguishable. I also think that if you look at the complaint as a whole and the fact that the state court injunction was not done for the narrow purpose of protecting any proprietary interests of Mr. Fenton, but it was, in fact, done to stop the federal case in its tracks indicates purpose and motive to discriminate. I'm from Georgia, and if, for example, a member of the KKK firebombed a school that was under a desegregation order, the court would not stand for the KKK person to simply claim that he liked to see fires as opposed to having a racially discriminatory motive to stop a school from becoming desegregated. So I think it's clear that the plea was adequate to indicate the motive of the retaliatory claim. That's a rather inflammatory analogy in the context of this case. Are you suggesting that your complaint alleged that kind of racial animus on the part of this lawyer? Yes, there was. He stands in the same shoes as the KKK firebombing case? That is what I'm saying. It may have been improper, but to compare it to a KKK firebombing retaliation is just grossly inflammatory. Well, I'm trying to come up with an analogy for you. You lose credibility when you make those kinds of arguments, counsel. Well, forgive me. I'm just trying to – I'm not suggesting that Mr. Fenton is a member of the KKK. I am trying to create some kind of construct where you can understand where the discriminatory motive of the retaliation is tied very much to the object. Yes, and I'm telling you you've overreached. Okay. Well, I withdraw the comment. Good move. All right. If there's nothing else, I'm – Okay. Thank you, Mr. Newman. Gladys Zinske? Yes. What I'd like to point out, and it's alleged in the complaint, it's also in the pleadings of this case, the plaintiff is African-American and Mr. Fenton is African-American. The district court, both in the Davis v. Fenton case and the Dudley v. Fenton case, goes on to a long discussion about if this was to be allowed under a Section 3617 Fair Housing Act violation case, it would essentially handcuff all lawyers or parties representing their rights in vindicating. So if you would accept plaintiff's position here is if an employer raises an affirmative defense to a claim of discrimination, that's retaliation. If someone raises an answer or proceeds in an outrageous settlement, that would be retaliation. Well, this is a little different. There was a race to the state courthouse to get an injunction, a TRO, against effectively this new attorney-client relationship. Well, the basis of that underlying state case was that Mr. Ceda, who worked for Mr. Fenton, was now working with Ms. Dudley and had obtained all this client information. And that's how the contact was coming out. So he filed an action before any notice of removal was ever filed. He filed the action, proceeded, and then the notice of removal came. And he told the state court judge, Mr. Fenton did that, there was a notice of removal. But the state court judge proceeded. It's a dangerous slippery slope, and Judge Zagel pointed this out and Judge Castile pointed this out, is that if we start creating retaliation claims for a lawyer that engages in litigation strategy and decision, we're going to stymie the effect of the ability of lawyers to represent their clients. Of what? I'm sorry. Utility of what? We would prevent lawyers from adequately representing their clients, salaciously representing their clients, if you're going to create a new range of cases against lawyers for retaliation for something they did in an underlying case. And the retaliation would be what? The retaliation here is they claim that Mr. Fenton got the injunction of retaliation against Ms. Davis. And the injunction was against Ms. Dudley and Mr. Sita. Thank you. Thank you to both counsel. Next case for argument is...